### VACUUM OIL CO. v. GARGOYLE TEXTILE CORPORATION.

(Court of Appeals of District of Columbia.   Submitted November 15, 1922. Decided January 2, 1923.)

#### No. 1514.

Trade-marks and trade-names and unfair competition ⬅➤43—Fabrics are not of the "same descriptive properties" as oils and greases.

Textile fabrics are not of the same descriptive properties as lubricating and illuminating oils, greases, and waxes, and similar petroleum products, within the meaning of the Trade-Mark Act (Comp. St. § 9485 et seq.).

Appeal from the Commissioner of Patents.

Application by the Gargoyle Textile Corporation for registration of a trade-mark, opposed by the Vacuum Oil Company.   From the decision of the Patent Office, dismissing the opposition, the opposer appeals.   Affirmed.

C. Schuyler Davis, of Rochester, N. Y., for appellant.

Stephen J. Cox, of New York City, and B. G. Foster, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.   Appeal from concurrent decisions of the Patent Office in a trade-mark opposition proceeding, dismissing the opposition of appellant to the registration by appellee of the word "Gargoyle," associated with the representation of a gargoyle as a trade-mark for piece goods of cotton, silk, or wool, or a combination thereof.

The opposer, appellant here, long prior to the adoption of the mark by applicant, adopted and extensively used substantially the same mark

for lubricating and illuminating oils, greases, and waxes, and similar petroleum products. As we remarked in Bartlett v. Arbuckle Bros., —— App. D. C. ——, 285 Fed. 1001, just decided, the scope of our inquiry in this proceeding is restricted to the questions whether the marks are applied to goods of the same descriptive properties, and whether they are so deceptively similar as to be likely to cause confusion in trade or deceive purchasers. It would require altogether too great a stretch of the imagination to rule that the fabrics of the applicant and the oils, greases, etc., of the opposer are goods of the same descriptive properties. Clearly they are not.

It follows that the decision must be and is affirmed.

Affirmed.