## VICTOR STOVE CO. v. HALL-NEAL FURNACE CO.

Court of Appeals of District of Columbia.

Submitted January 11, 1928.   Decided March 5, 1928.

No. 2007.

Trade-marks and trade-names and unfair competition ☞43—Manufacturer of stoves and ranges under trade-mark "Victor," acquiescing in another using mark for furnaces, cannot register mark for furnaces.

Manufacturer of stoves and ranges under trade-mark "Victor," acquiescing in another's exclusive use of such mark in manufacture of furnaces for many years, *held* not entitled to register such trade-mark for furnaces, and thus appropriate good will which other manufacturer had built up for its products.

Appeal from the Commissioner of Patents.

Trade-mark interference proceedings between the Victor Stove Company and the Hall-Neal Furnace Company. Decision for the latter, and the former appeals. Affirmed.

L. B. Kemon, of Washington, D. C., for appellant.

E. W. Bradford, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is a trade-mark interference proceeding relating to the use of the word "Victor" as a trade-mark for furnaces.

On May 22, 1923, the Hall-Neal Furnace Company was granted registration of the word "Victor" as a trade-mark for coal, wood, gas and oil heating furnaces, and furnace parts. On March 1, 1924, the Victor Stove Company filed an application for the registration of the same word as a trade-mark for wood, coal, and gas stoves and ranges and furnaces. Testimony was taken by both parties.

The Examiner of Interferences found on the evidence that the Victor Company had used the word as a trade-mark for stoves and ranges since the year 1887, but not for furnaces until the year 1923, and that the Hall-Neal Company had not used the word as a trade-mark for furnaces prior to 1895. The Examiner held that stoves and ranges were goods of the same descriptive properties as furnaces, and that the Victor Company, being senior in use of the mark, should prevail in the interference and was entitled to the registration of the mark for furnaces, as applied for by it.

Upon appeal the Commissioner of Patents found that the Hall-Neal Company had been in undisputed possession of the right to use the word "Victor" as its trade-mark for hot-air furnaces from about 1895 to 1923; that the Victor Company during that period did not use the word as a trade-mark for furnaces, and that for many years the two companies sold their respective goods in substantially the same territory, each using the word "Victor" as its trade-mark without a single instance of confusion in the mind of the public as to the authorship or ownership of the respective goods; and that under these circumstances the Victor Company would be barred by reason of laches from the use of the word as a trade-mark for furnaces. The Commissioner, therefore, reversed the decision of the Examiner, and the present appeal followed.

In our opinion the decision of the Commissioner is right. For many years the Victor Company practically acquiesced in the

exclusive use of the mark by the Hall-Neal Company for furnaces, during which time the latter company built up a market, together with a good will, for its furnaces under the trade-mark "Victor." If the Victor Company now should be given the exclusive right to use the trade-mark for furnaces, it would in large part appropriate to itself the good will which, to its knowledge and without its objection, the Hall-Neal Company built up for its products. Such a result would be plainly inequitable.

In France Milling Co. v. Washburn-Crosby Co. (C. C. A.) 7 F.(2d) 304, it is held: "Manufacturer of flour under Gold Medal trade-mark, who for many years acquiesced in use of same mark by manufacturer of pancake and buckwheat flour, and sold latter raw flour for use in manufacture, held to have lost by laches all right to enjoin such use of mark."

We agree, accordingly, with the conclusion of the Commissioner that: "In view of the above, it is believed that the status quo of the parties as it existed for many years should not be disturbed, and that the Victor Stove Company should be denied the right to register the trade-mark 'Victor' for furnaces."

The decision of the Commissioner of Patents is affirmed.

Submitted January 11, 1928. Decided March 5, 1928.

L. B. Kemon, of Washington, D. C., for appellant.

E. W. Bradford, of Washington, D. C., for appellee.