**CLUETT, PEABODY & CO., Inc., v. HARTO-GENSIS (ARROW EMBLEM CO., Inc., Substituted).**

Patent Appeal No. 2330.

Court of Customs and Patent Appeals.

May 26, 1930.

Roberts, Cushman & Woodberry, of Boston, Mass., and Cushman, Bryant & Darby, of Washington, D. C. (Odin Roberts, Robert Cushman, Charles D. Woodberry, and Richard F. Walker, all of Boston, Mass., of counsel), for appellant.

Richards & Geier, of New York City (Conway P. Coe, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents dismissing the petition of appellant for the cancellation of a trade-mark registered by appellee, and refusing cancellation thereof.

Appellee, through its predecessor in business, was granted registration on April 8, 1913, No. 90988, of a trade-mark comprising the word "Arrow" and the representation of an arrow piercing the letters of the word, used upon collar buttons, plated with precious metal in Class 28, Jewelry and precious metalware.

Appellant claims adoption and use of substantially the same mark upon collars, shirts, and some other articles of men's wear from a date long prior to the entrance of appellee and its predecessor into the field. It has obtained various registrations for its mark, used upon those articles. It is conceded that it has no registration of said mark, used upon collar buttons.

The issues before us are fairly presented by the following quotation from the Commissioner's decision:

"While there is some difference of view between the parties here involved as to the earliest date the petitioner first adopted and used its mark yet there is no controversy regarding the fact that the registrant first adopted and used its mark many years subsequent to the adoption and use of the mark by the petitioner. Since the marks are substantially identical and the goods upon which such marks are used would readily be known and called for as 'Arrow goods,' the question here to be considered is confined to that of the goods themselves and whether they constitute 'merchandise of the same descriptive properties.'

"The law is well settled that if the goods do not possess the same descriptive properties, registration of the same mark to different parties is proper. Johnson Educator Food Company v. Sylvanus Smith & Co., Inc., 175 O. G. 268, 37 App. D. C. 107; Vacuum Oil Company v. Gargoyle Textile Corporation, 307 O. G. 235, 52 App. D. C. 268, 285 F. 1002. On the other hand, it is equally established that if the goods do possess the same descriptive properties, the Statute, section 5(b), Act of February 20, 1905, as amended (15 USCA § 85(b), bars registration to the newcomer.

"Both parties have taken testimony and that presented on behalf of petitioner establishes that it has conducted a business in its goods under its trade mark of most gigantic proportions; that it has spent upwards of $12,000,000 in advertising and its sales have reached approximately 62,000,000 collars and 5,000,000 shirts per year, and is, in consequence, in possession of an enormously valuable good will as an asset to its business.

"It is satisfactorily shown that the registrant and its predecessor in business have been using the trade mark for upwards of sixteen years in connection with the sale of its goods without disturbance from petitioner. It is in evidence that some eight years ago the registrant addressed a communication to the vice-president of the petitioner company seeking information regarding a former customer of the latter and that a reply was sent to the registrant from the petitioner. In consequence, the latter was necessarily aware of the business conducted by the registrant even if, as contended by petitioner, it had not previously known of the registrant's use of the mark upon collar buttons. It would seem in view of the location of the business houses of both parties that the petitioner would be quite likely, through its many employees, selling agents, and customers, to have been aware for some years of the registrant's use of the mark."

There are but two questions before us for decision:

1. Do the goods upon which the marks of the parties are used have the same "descriptive properties"?

2. If the answer be in the affirmative, has appellant lost the right of cancellation through laches?

Appellant contends that the goods upon which the marks are used are of the same descriptive properties; that laches is not a defense in a cancellation proceeding; and that in any event laches is not shown by the evidence in the case.

The Commissioner held in effect that the goods upon which the marks are used are not of the same descriptive properties and, in concluding his opinion, said:

"The determination of this case has not been without difficulty. While mindful of the rule that doubts must be resolved against the newcomer yet the long years that have lapsed during which the registrant has built up its trade and obtained possession of a certain valuable good will in connection with its business, which it appears to have secured without interference or objection during such period by petitioner, all lead to the conclusion that the registration should not at this late date be canceled."

The first question to be determined is whether the goods upon which the marks of the parties are used have the same descriptive properties.

The question of the interpretation of the phrase "same descriptive properties" has recently been exhaustively considered by this court. In the case of The B. F. Goodrich Company v. Clive E. Hockmeyer, 40 F. (2d) 99, referring to section 5 of the act of February 20, 1905, as amended, we said:

" * * * The language 'same descriptive properties' contained in the first proviso was intended by the Congress to relate to goods of the same general class; that such language was not intended to be more or less comprehensive than the term 'class' used in the first part of the section; that the language of the first proviso was intended to state the converse of the mandates of the first part of the section, namely, that a mark by which the goods of the owner of the mark may not be distinguished from other goods

of the same class *shall not be registered.* * * * "

In the case of California Packing Corporation v. Tillman & Bendel, Inc., 40 F. (2d) 108, this court, in its discussion of the words "merchandise of the same descriptive properties," said:

" * * * The meaning of the phrase 'merchandise of the same descriptive properties' must not only be ascertained in the light of the use of the words 'goods of the same class,' in the first part of section 5 (15 USCA § 85) and the words 'of [substantially] the same descriptive properties' in section 16 of the Trade-Mark Act (15 USCA § 96), but must also be construed in connection with the predominant phrase of the provision 'as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers,' and the predominant word 'distinguished' in the first part of the section."

■ Following the construction of the phrase "merchandise of the same descriptive properties" declared by this court in the above-cited cases, we have no hesitation in holding that the shirts and collars, upon which the mark of appellant is used, and the collar buttons, upon which the mark of appellee is used, are goods of the same descriptive properties. They are used together, and the evidence shows that they are sold at retail to a very large degree in the same stores, by the same clerks over the same counters, and to the same general class of customers. They clearly belong to the same general class of men's wear. A purchaser of shirts and collars bearing the trade-mark of appellant, and of collar buttons bearing the trade-mark of appellee, would naturally conclude that all had the same origin.

Appellant has established use and registration of its trade-mark long prior to use of and registration by appellee of its trade-mark, which is substantially identical with appellant's mark.

It follows that the Commissioner erred in refusing to cancel appellee's mark unless appellant's rights to cancellation have been lost by laches.

The first inquiry upon this point is whether cancellation of appellee's mark may be denied upon the ground of delay of appellant in asserting its rights, amounting to laches, assuming such laches is proven.

It must be remembered that this is a purely statutory proceeding. Section 13 of the Trade-Mark Act (15 USCA § 93) reads as follows:

"Sec. 13. That whenever any person shall deem himself injured by the registration of a trade-mark in the Patent Office he may at any time apply to the Commissioner of Patents to cancel the registration thereof. The Commissioner shall refer such application to the examiner in charge of interferences, who is empowered to hear and determine this question and who shall give notice thereof to the registrant. If it appear after a hearing before the examiner that the registrant was not entitled to the use of the mark at the date of his application for registration thereof, or that the mark is not used by the registrant, or has been abandoned, and the examiner shall so decide, the Commissioner shall cancel the registration. Appeal may be taken to the Commissioner in person from the decision of examiner of interferences."

■ It will be observed that the language is, "That *whenever* any person shall deem himself injured by the registration of a trade-mark in the Patent Office he may *at any time apply* to the Commissioner of Patents to cancel the registration thereof." (Italics ours.) We think that the use of the words "at any time" excludes the defense of laches in a cancellation proceeding instituted under the provisions of the section.

An examination of some of the decisions of the United States Supreme Court upon the subject of trade-marks, rendered prior to the enactment of the Trade-Mark Act of 1905, furnishes, we think, the reason for the inclusion of the words "at any time" in said section 13.

McLean v. Fleming, 96 U. S. 245, 258, 24 L. Ed. 828, was a trade-mark infringement case; laches and acquiescence were proved, but nevertheless the court affirmed a decree granting an injunction against further use of the mark by the defendant, although holding that on account of such laches plaintiff was not entitled to an accounting for profits. The court said:

"Acquiescence of long standing is proved in this case, and inexcusable laches in seeking redress, which show beyond all doubt that the complainant was not entitled to an account nor to a decree for gains or profits; but infringement having been proven, showing that the injunction was properly ordered, he is entitled to the costs in the Circuit Court. * * *

"Decree as to the injunction and costs in the Circuit Court will be affirmed. * * * "

In the case of Menendez v. Holt, 128 U. S. 514, 9 S. Ct. 143, 145, 32 L. Ed. 526, which was also a trade-mark infringement

tdecided in 1915, long after the enactment of the Trade-Mark Act of 1905, but in that case the cases of McLean v. Fleming, supra, and Menendez v. Holt, supra, were cited with approval. The court said:

"As to laches and acquiescence, it has been repeatedly held, in cases where defendants acted fraudulently or with knowledge of plaintiffs' rights, that relief by injunction would be accorded although an accounting of profits should be denied."

We would observe in this connection that were it necessary to our decision, we should hold from the evidence in the case that appellee at the time of its registration had knowledge of the prior use by appellant of the trade-mark in question upon collars and shirts. The record shows that the original application of appellee was for registration of the mark in question "in class 40, Fancy goods, furnishings and notions." This was refused by the examiner upon four registrations of appellant of its trade-mark here in question. Appellee thereupon amended its application, striking out the said words above quoted and substituting therefor the words "plated with precious metal, in Class 28, Jewelry and precious metal ware." Notice of appellant's mark was thus brought direct-

ly to appellee prior to the granting of its application by the Patent Office.

We think it appropriate to say in this connection that this opinion should not be construed as implying that affirmative acts of a prior owner and user of a trade-mark, relied upon by a registrant to his injury, would not be a bar to the right of cancellation in a proceeding under said section 13. We go no further than to hold that in view of the express language of the section mere laches is not such a bar, and nothing more than laches is claimed in the case at bar.

The trade-marks of the parties are substantially identical; they are appropriated to merchandise of the same descriptive properties; appellant is the owner and user of the mark in question and was such owner and user at the date of appellee's registration. It was therefore the duty of the Commissioner to cancel such registration.

The decision of the Commissioner of Patents is reversed.

Reversed.