### GOODYEAR TIRE & RUBBER CO. v. C. KENYON CO., Inc.

Patent Appeal No. 2904.

Court of Customs and Patent Appeals.
March 28, 1932.

O. E. Bee, of Akron, Ohio, for appellant.

Edwin Levisohn, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

On March 26, 1928, C. Kenyon Company, Inc., filed an application in the United States Patent Office for registration as a trademark, for use upon "rubber or rubber and fabric tires and tubes for vehicles," of the mark at issue.

The claimed mark comprises a pictorial representation of a tire casing upon which is imprinted the word "Kenyon" in scriptlike letters and from each side of which, extending laterally therefrom, are wings, having above them a background also bearing the word "Kenyon." There was a disclaimer of the representation of the tire casing apart from the mark as shown.

Continous use of the mark was alleged by applicant "since February 15, 1928."

Appellant, the Goodyear Tire & Rubber Company, filed notice of opposition, alleging ownership, use, and registration of numerous marks for goods of the same descriptive properties with which it was claimed appellee's mark would conflict, and alleging that damage would result to opposer from the registration applied for if same should be granted.

Among other things opposer alleged: "6. That for many years prior to February 15, 1928, Opposer herein has applied the terms 'Wingfoot,' 'Good-wingfoot-Year,' 'Wing,' 'Red Wing' and 'Black Wing,' to its various products and specifically to rubber or rubber and fabric tires and tubes for vehicles, and other goods of the same descriptive properties, and has also applied the representation of a winged foot and the representation of a pair of out-spread wings, the latter in the identical manner illustrated by the drawing of application Serial No. 263,768, to various products of its manufacture including rubber or rubber and fabric tires and tubes for vehicles, and that Opposer has extensively used and advertised these marks as applied to rubber or rubber and fabric tires and tubes for vehicles."

Only the appellee took testimony in the case, but appellant filed printed copies of a number of its registrations with certified copies of the abstracts of title thereto.

These are deemed sufficient to establish ownership of the marks claimed by appellant.

There is doubt whether appellee satisfactorily established use by it of its claimed mark as a trade-mark upon goods entering into interstate commerce prior to the filing of the application for its registration, but, in view of our conclusion as to the similarity of the marks of the respective parties, an adjudication of this question is immaterial, appellant's ownership and use of its mark having antedated by many years the entrance of appellee into the field.

The Examiner of Interferences held: "* * * There is at least a reasonable doubt that confusion in trade would be likely to arise from the concurrent use of these marks. The practice requires that this doubt be resolved in favor of the prior user, which is here the opposer."

He thereupon sustained the notice of opposition.

Upon appeal, the Commissioner of Patents reversed the decision of the Examiner of Interferences, in so far as that decision had sustained the opposition, but denied the registration as an ex parte proceeding based upon a mark registered May 3, 1921, by a third party.

Subsequently, appellee filed a petition for a reconsideration and presented therewith a statement in writing from said third party advising that: "* * * It has no objection to the registration by the C. Kenyon Company, Inc. of its * * * trademark, to be used on rubber or rubber and fabric tires and tubes for vehicles. * * *"

The Commissioner thereupon reconsidered the question, and, adhering to his former conclusion that the mark was registrable as against the marks of appellant opposer, granted the registration.

Appellant thereupon appealed to this court.

We are of the opinion that the holding of

the Examiner of Interferences is more in accord with the weight of authority, particularly as represented in decisions of this court (many of which have been rendered since this case was before the tribunals of the Patent Office), than is the holding of the Commissioner. National Biscuit Co. v. Joseph W. Sheridan, 44 F.(2d) 987, 18 C. C. P. A. 720; Cluett, Peabody & Co., Inc., v. Wright, 46 F. (2d) 711, 18 C. C. P. A. 937; Pratt Food Co. v. Crete Mills et al., 47 F.(2d) 960, 18 C. C. P. A. 1083; Weyenberg Shoe Mfg. Co. v. Hood Rubber Co., 49 F.(2d) 1046, 18 C. C. P. A. 1449.

Appellant owned and used marks consisting of both the word "Wing" and/or pictorial representations of a wing long prior to the adoption by appellee of the mark in issue.

It is true that appellee's mark contains features in addition to the representation of wings that are dissimilar to the marks of appellant, but, after all, that representation is the most noticeable feature of the mark and seems to us to be the dominating feature.

With a vast field open to appellee from which to choose a mark for use upon its goods (identical with the goods of appellant), there seems to us to be no sound reason why permission should be granted it to register one which so nearly simulates that of appellant. Upon the contrary, we think the opposition should be sustained and the registration applied for denied.

Accordingly, the decision of the Commissioner of Patents is reversed.

Reversed.