**GILLETTE v. GILLETTE SAFETY RAZOR CO.**

Patent Appeal No. 3052.

Court of Customs and Patent Appeals.

June 5, 1933.

Byrnes, Stebbins, Parmelee & Blenko, of Pittsburgh, Pa. (William H. Parmelee, of Pittsburgh, Pa., of counsel), for appellant.

Herbert W. Kenway, of Boston, Mass., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences sustaining the notice of opposition of appellee, and holding that appellant was not entitled to the registration of a composite trade-mark, for use on shaving cream, comprising the word "Gillette" printed in plain block type on a scroll extending across a capital letter "G," together with the words "shaving" and "cream," which appear on the letter "G," the former above, and the latter below, the word "Gillette." The words "shaving," "cream," and "Gillette" have been disclaimed by appellant, apart from the mark as shown.

In its notice of opposition, appellee alleged ownership and registration of the following trade-marks: The word "Gillette" pierced by an arrow appearing on a black diamond, used on shaving brushes, shaving soap, in the form of sticks, and razors and razor blades, registered, respectively, September 1,

1908, registration No. 70,428, renewed, September 29, 1908, registration No. 70,758, renewed, and October 13, 1908, registration No. 70,856, renewed; a picture of King C. Gillette, together with a facsimile signature of King C. Gillette, used on razors and razor blades, registered October 23, 1906, registration No. 56,921, renewed; and the word "Gillette," for use on safety razors and safety razor blades, registered August 24, 1920, registration No. 134,317. It was further alleged that the mark of appellant was confusingly similar to each of those of appellee, and that therefore appellee would be damaged by the registration of appellant's mark.

The case was submitted to the tribunals of the Patent Office upon an agreed statement of facts. It appears therefrom that the word "Gillette" is the surname of appellant, Lewis W. Gillette; that appellant first used his alleged trade-mark on shaving cream on June 10, 1929; that his shaving cream is sold in collapsible soft-metal tubes "covered with alternate red, white and blue diagonal stripes except for two blue and one white panel"; that the tubes containing the shaving cream are inclosed in rectangular pasteboard cartons marked substantially the same as the tubes; and that the name " 'Gillette' is a common surname of persons living in various cities and is also geographical in that it is the name of several cities and/or towns in the United States." It further appears therefrom that appellee has been selling shaving sticks under the name "Gillette Shaving Stick," and under its trade-mark, registration No. 70,758, since 1908; that it has sold large quantities of those articles throughout the United States; that it has also sold large quantities of its other products, such as shaving brushes, safety razors, and safety razor blades, under its registered trade-marks.

The tribunals of the Patent Office concurred in holding that the marks were used on goods of the same descriptive properties; that they were confusingly similar; and that therefore appellant was not entitled to register his mark.

It is conceded by counsel for appellant that the goods of the respective parties possess the same descriptive properties. He contends, however, "that every individual has the right to use his own name in connection with his business so long as it is a bona fide use of his name and so long as the use is such as to clearly designate origin of the goods with him and is not intended to deceive the public"; and that appellant's mark is displayed in an arbitrary and fanciful way, and is entirely dissimilar to any of appellee's marks.

Although the name of an individual may be registered as a trade-mark, if it is "written, printed, impressed, or woven in some particular or distinctive manner," it nevertheless is not entitled to registration if it is identical with "a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties," or if it so nearly resembles "a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers." Section 5 of the Trade-Mark Act of February 20, 1905 (15 USCA § 85); J. B. Williams Co. v. Ernest W. Williams, 48 F.(2d) 398, 18 C. C. P. A. 1133; George H. Ruth Candy Co., Inc., v. Curtiss Candy Co., 49 F.(2d) 1033, 18 C. C. P. A. 1471.

We are unable to agree with counsel for appellant that appellant's trade-mark, used, as it is, on goods of the same descriptive properties, is not confusingly similar to the trade-marks of appellee, which have been extensively used throughout the United States since long prior to the first use by appellant of his mark. The dominant feature of each of the involved marks is the word "Gillette," and it would seem to be obvious that, considering the marks as a whole, the use by appellant of his alleged trade-mark on shaving cream would be likely to cause confusion in the mind of the purchasing public as to the origin of his product.

The statute was intended to prevent, not to promote, confusion and deceit, and, in our opinion, the registration of appellant's mark would be in plain violation of its terms. We think the involved issues are controlled by our decisions in the cases of J. B. Williams Co. v. Ernest W. Williams, and George H. Ruth Candy Co., Inc., v. Curtiss Candy Co., supra. Nor does the fact that appellant has disclaimed the words "Gillette," "shaving," and "cream," apart from the mark as shown, alter the situation. Walgreen Co. v. Godefroy Manufacturing Co., 58 F.(2d) 457, 19 C. C. P. A. 1150.

For the reasons stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.