23 C.C.P.A.(Patents)
**A. F. PART, Inc., v. SORMANI.**
**Patent Appeal No. 3553.**

Court of Customs and Patent Appeals.

Dec. 2, 1935.

Mock & Blum, of New York City (Chas. R. ‚Allen, of Washington, D. C., of counsel), for appellant.

Mason, Fenwick & Lawrence, of Washington, D. C. (Edward G. Fenwick· and Charles R. Fenwick, both of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The appellant, A. F. Part, Inc., filed application in the United States Patent Office for the registration of the trademark "OMY" for use in connection with bath essence, bath oils, and dusting powder.

Appellee, Sormani, relying on his registered trade-mark No. 103,330, dated March 30, 1915, opposed applicant's registration. Appellee's registration recites that his mark, which consists of the letters "OMY" in combination with three human heads representing old age, middle age, and youth, was for use "for a preparation for the skin, coughs, colds, bronchitis, hoarseness, loss of voice, catarrh, and an iron preparation."

In the proceeding before the Patent Office tribunals, appellant contended, and contends here, that the goods disclosed in the registration of the appellee are medicinal remedies, and that such goods do not possess the same descriptive properties as appellant's toilet preparations. Appellee, when before the Examiner of Interferences, made reference to the contents of the application file of his registration wherein the specific nature of the products was disclosed and identified by the labels filed therewith. One of such labels was for a cream recommended ·for chapped hands and for softening

the skin. Appellant objected to the consideration of the application file as not having been duly introduced into the record and for the reason that no notice concerning the introduction of the same had been given under rule 154 (c) of the Patent Office. The Examiner of Interferences held that he could properly refer to the application file for the purpose of clarifying or explaining any ambiguity of language in the registration. He then held that the goods were of the same descriptive properties and that the marks were confusingly similar, and sustained the opposition.

In addition to the foregoing ruling, the Examiner of Interferences held that regardless of the rights of the opposer to intervene, the registration was a statutory bar to appellant's application and adjudged that the applicant was not entitled to register for this reason.

Upon appeal, the Commissioner of Patents held that the Examiner of Interferences was in error in giving consideration to the specimen labels submitted with the application, inasmuch as under said rule 154 (e) the applicant was entitled to notice before such evidence could be properly received, thus giving him an opportunity to rebut it. The Commissioner, however, being of the opinion that the marks were confusingly similar, and that the marks were used upon goods which possessed the same descriptive properties in view of the fact that the opposer's registration discloses "a preparation for the skin," affirmed the decision of the Examiner of Interferences in sustaining the opposition and adjudging that the mark should be refused registration. From the decision of the Commissioner, applicant appealed to this court.

In appellant's answer to the notice of opposition it alleged that the opposer did not "come into court with clean hands" and was guilty of inequitable conduct in that he had "on a number of products including cold cream, greaseless cream and others, used the notation 'Reg. U. S. Pat. Off.' in connection with such use of 'OMY' on cold cream, etc., although the opposer has in fact never registered in the United States Patent Office 'OMY'" (as distinguished from "OMY" with the three human heads). The Examiner of Interferences expressed no view as to the merits of this contention. The Commissioner on this phase of the case said: "There is no evidence before me to support this contention, and for the reasons hereinbefore pointed out I am not at liberty to inspect records not in evidence for the purpose of supplying such proof."

We find it unnecessary to discuss at great length all the different contentions of the parties. We think the mark of the appellee, "OMY" with the three human heads, is quite similar to the mark which applicant proposes to register. It seems clear that the letters "OMY" are the dominating portion of both marks here involved, and that confusion would result from the simultaneous use of both marks upon goods of the same descriptive properties. Necessarily, purchases would be made by calling for "OMY" articles. In advertising over the radio and elsewhere, we think confusion would result.

We are of the opinion that at least one of the articles mentioned in the term "a preparation for the skin, coughs, colds, bronchitis, hoarseness, loss of voice, catarrh, and an iron preparation" are goods of the same general class and possess the same descriptive properties as bath essence, bath oils, and dusting powder. It does not necessarily follow that because some one seeking one of the articles mentioned in appellee's application for registration would not mistakingly be given a bath oil, bath essence, or a dusting powder, that the goods are not of the same descriptive properties within the meaning of the statute. Trade-marks should indicate the origin of the goods. In determining whether a trade-mark indicates origin and distinguishes the goods of its owner from those of another, the "use, appearance, and structure of the articles, the similarity or the lack of similarity of the packages or containers in which, the place or places where, and the people to whom, they were sold" should be considered. B. F. Goodrich Co. v. Clive E. Hockmeyer et al., 40 F.(2d) 99, 17 C.C.P.A. (Patents) 1068, 1075. It is our view that, under the circumstances shown to exist by the record at bar, there would be a strong probability of confusion resulting if both marks were used as proposed.

In Malone v. Horowitz, 41 F.(2d) 414, 17 C.C.P.A. (Patents) 1252, the marks were "Molo" and "Poro." The "Molo" mark was used on a mouth wash, breath purifier, throat gargle, and general antiseptic. The "Poro" mark was used on body deodorants, cold creams, vanishing creams, and various other toilet prepara-

tions. The "Poro" goods were not sold in stores as were the "Molo" goods. Nevertheless, this court held that the goods had common characteristics which brought them into the same class, and, therefore, were goods of the same descriptive properties.

In Kotex Co. **v.** McArthur, 45 F.(2d) 256, 18 C.C.P.A. (Patents) 787, the trademark "Kotex" was used on sanitary napkins and it was proposed to register "Rotex" for use on vaginal syringes. This court held that the goods of the respective parties were of such character that confusion would result from the simultaneous use of the respective trade-marks on the goods as proposed; that the goods were of the same descriptive properties within the meaning of the statute; and that the mark "Rotex" was not registrable.

In California Packing Corporation v. Tillman & Bendel, Inc., 40 F.(2d) 108, 17 C.C.P.A. (Patents) 1048, coffee in cans, and fruits, vegetables, etc., in cans, were held to be goods of the same descriptive properties.

In Cheek-Neal Coffee Co. et al. v. Hal Dick Mfg. Co., 40 F.(2d) 106, 17 C.C.P.A. (Patents) 1103, horse-radish and olive spread were held to be goods of the same descriptive properties as coffee and tea.

In Sun-Maid Raisin Growers of California v. American Grocer Co., 40 F.(2d) 116, 17 C.C.P.A. (Patents) 1034, flour, and raisins, syrup and baking powder, were held to be of the same descriptive properties.

In Cluett, Peabody & Co., Inc., v. Hartogensis, 41 F.(2d) 94, 17 C.C.P.A. (Patents) 1166, collar buttons were held to be of the same descriptive properties as shirts and collars.

In Blackstone Products Co., Inc., v. Green Brothers Co., 70 F.(2d) 271, 21 C.C.P.A. (Patents) 1065, a laxative preparation prepared with chocolate was held to be of the same descriptive properties as chocolate-coated yeast.

We think the foregoing authorities abundantly support the conclusion that the mark which appellant proposes to register is used on goods which are of the same descriptive properties as some, at least, of the goods of appellee.

As to the issue raised by the appellant that appellee by using the nota-tion "Reg. U. S. Pat. Off." has been guilty of such inequitable conduct that he is barred from the relief he asks in his opposition proceeding, we agree with the conclusion reached by the Commissioner to the effect that it could not be properly imposed as a bar. No doubt appellee's mark, through long years of use, had been referred to as its "OMY" mark, and in so referring to it in the designation "Reg. U. S. Pat. Off." or in the designation "OMY Reg. U. S. Pat. Off." we do not think the appellee made such a fraudulent use of its mark as would make applicable the doctrine of unclean hands. It would seem that appellee was attempting to give the public notice that his mark was registered, and the mere fact that he did not reproduce the three heads in connection with such required notation cannot of itself be said to be a fraudulent use. No authority has been cited by appellant which supports its contention on this phase of the case. It relies on the case of Sauquoit Paper Co., Inc., v. Hilda Weistock, 46 F.(2d) 586, 18 C.C.P.A. (Patents) 927, and also cites and quotes from Federal Products Co. v. Lewis, 57 App.D.C. 338, 23 F.(2d) 759. The latter case, in our judgment, has no application whatever to the issue here involved. In the former case the opposer filed with its opposition labels marked "Trade-mark registered U. S. Patent Office," when in fact the trade-mark had not been so registered. The opposer was afforded the opportunity of showing that the notation on the labels was an inadvertence free from fraud, and this court disapproved the holding by the Commissioner of Patents that there was fraud in fact in the use of the labels.

The Sauquoit Paper Co. Case might be regarded as some authority for the position that one who uses the notation when the mark has not been registered would be prima facie guilty of fraud which would justify the dismissing of the opposition; but in the case at bar, appellee has registered a trade-mark containing as its dominant feature the letters "OMY," and in the notations used we see no evidence of an attempt to defraud.

For the reasons above set forth, we think the Commissioner of Patents arrived at the correct conclusion, and his decision is, accordingly, affirmed.

Affirmed.