23 C.C.P.A.(Patents)

**ELGIN AMERICAN MFG. CO. v. ELIZABETH ARDEN, Inc.**

**Patent Appeal No. 3637.**

Court of Customs and Patent Appeals.
June 1, 1936.

GARRETT, Associate Judge, dissenting.

Ephraim Banning, of Chicago, Ill., and Charles R. Allen, of Washington, D. C., for appellant.

Hugo Mock and Asher Blum, both of New York City, and James Atkins, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents affirming the decision of the Examiner of Trade-Mark Interferences dismissing appellant's notice of opposition and holding that appellee was entitled to the registration of its trademark for use on soap.

Appellee's mark is in the form of a monogram, and, although it supposedly consists of the letters "EA," it will be observed that the letter "A" is so formed that it also constitutes the letter "M."

Appellant's mark consists of the letters "EAM."

For the purpose of clarity, we reproduce the marks of the parties:

Appellee's  mark.

Appellant's EAM mark.

Appellant's trade-mark was registered May 15, 1917, registration No. 116,616, on an application filed December 19, 1914, for use on "lockets, cigarette-cases, vanity-cases, card-cases, match-safes, and powder-boxes."

In its application, appellee stated that it had used its trade-mark on its goods since April, 1926.

In its notice of opposition, appellant alleged that it had used the trade-mark "EAM" on a variety of articles and containers, "including soap receptacles," and "fills and refills for the * * * containers and receptacles aforesaid * * *"; that it has built up and now possesses a large and valuable trade in its products; that the goods of the respective parties possess the same descriptive properties; that appellee's trade-mark consists essentially of the letters "EA," and so nearly resembles the trade-mark of appellant that their concurrent use by the respective parties on their goods would cause confusion in the trade; and that appellant would be damaged by the registration of appellee's trade-mark.

Although in its answer appellee denied that its trade-mark was confusingly sim-

ilar to appellant's trade-mark, and that the goods of the parties possessed the same descriptive properties, it alleged, nevertheless, that it had used its trade-mark on various articles, *including "refillable cartons* for talcum powder, *soaps,* perfumes, and bath salts, goods in part of the same descriptive properties as the goods of the Opposer herein." (Italics ours.)

The case was presented to the tribunals of the Patent Office on stipulated facts. It appears therefrom that appellant has used its trade-mark, "EAM," on a variety of articles, including soap receptacles; that its goods are known as the "EAM" goods; that appellee's goods are known as the "EA" goods; that both parties are actually engaged in the business of selling a variety of toilet articles and containers therefor; and that, to some extent, their goods are sold in the same stores.

In his decision affirming the decision of the examiner, the Commissioner of Patents said:

"I am convinced that appellant's business is restricted almost exclusively to the manufacture and sale of metal novelties, including toilet *articles* but not toilet *preparations*; and that the determinative question upon this phase of the controversy is whether or not ornamental containers for toilet preparations possess the same descriptive properties as the products they are designed to contain. Counsel for appellant argue that they do, and cite as their authority Cluett, Peabody & Co. v. Hartogensis (Cust.& Pat. App.), 41 F.(2d) 94. In that case it was held by the Court of Customs and Patent Appeals that shirts and collars are of the same descriptive properties as collar buttons, because 'they clearly belong to the same general class of men's wear.' I think the situation here is entirely different. It would require a very distorted meaning of terms to say that a cake of soap belongs to the same general class as a metal soap box, or that an ounce of perfume has characteristics in common with its ornamental container. Once that be held it would necessarily follow that barrels and beer are of the same descriptive properties; likewise bottles and pickles, crates and eggs, bags and flour, etc. I have found no case that goes to that length, and in the absence of a binding judicial pronouncement to the contrary my own opinion is that no such meaning can properly be read into the language of the statute. * * *

"While I think the decisions of the Examiner of Trade-Mark Interferences in these cases are right as far as they go, I am also of the opinion that the marks involved lack deceptive similarity. Applicant's mark in each case consists of the letters 'EA' arranged to form a distinctive monogram. Opposer's mark, as disclosed in its registration and in all the specimens of record, is made up of the three initials 'E. A. M.,' printed in perfectly plain type. It may be that if the letters were arranged in substantially the same manner the difference in their number alone would not be sufficient to negative the possibility of confusion, but here the arrangement is so strikingly different as to remove all semblance of similarity save only the occurrence of the two letters in common.

"The goods to which the parties apply their marks being of different descriptive properties, and the marks themselves being distinctly dissimilar, it follows that the dismissal of the oppositions was proper, and the examiner's decisions are therefore affirmed."

As hereinbefore stated, it clearly appears from appellee's answer that, although its application for registration is limited to the use of its trade-mark on soaps, it is also using its mark on refillable cartons for soaps, talcum powder, and other toilet articles.

It appears, therefore, that both parties use their respective trade-marks on soap receptacles.

Soap and soap receptacles are not only related articles of commerce, but they are sold in the same stores, to the same class of people, and are designed to be used together. It is true that they are not composed of the same materials. Many articles possessing the same descriptive properties, in a statutory sense, are not. The real question confronting us is whether the goods of the respective parties are so related, commercially or otherwise, that, when marketed under the involved trade-marks, the purchasing public might reasonably conclude that they originated with the same concern.

As hereinbefore noted, appellee's trade-mark is in the form of a monogram, and, although it is supposed to consist of the letters "EA" only, the letter "M" is very distinct. In other words, the trade-mark of appellee is merely appellant's trade-mark, "EAM," in the form of a monogram.

We think it requires no refinement of reasoning, under the circumstances, to say that the marks of the respective parties so closely resemble one another that, if one is used on soap, and the other on soap receptacles, the public would be likely to be confused, and might well conclude that both articles were produced by the same concern. This being so, we think it is clear that the use by the parties of their respective trade-marks on their goods would be likely to cause confusion in trade.

Accordingly, we are of opinion that the goods of the parties, although not identical in character, possess the same descriptive properties, that the marks are confusingly similar, and that the registration by appellee of its mark would result in damage to appellant. See California Packing Corp. v. Tillman & Bendel, Inc., 40 F.(2d) 108, 17 C.C.P.A.(Patents) 1048; Cluett, Peabody & Co., Inc., v. Hartogensis, 41 F.(2d) 94, 17 C.C.P.A.(Patents) 1166; Rotex Surgical Appliance Co. v. Kotex Co., 44 F.(2d) 879, 18 C.C.P.A.(Patents) 746; Helen Schy-Man-Ski & Sons v. S. S. S. Co., 73 F.(2d) 624, 22 C.C.P.A.(Patents) 701; Crystal Corp., etc., v. Manhattan Chemical Mfg. Co., Inc., etc., 75 F.(2d) 506, 22 C.C.P.A. (Patents) 1027; A. F. Part, Inc., v. Sormani, 80 F.(2d) 78, 23 C.C.P.A.(Patents) —.

It might also be suggested in this connection that, although appellee does not seek registration of its mark for soap receptacles, it has extended its use thereto.

As hereinbefore noted, appellant is also engaged in the production and sale of cosmetics, as well as containers therefor, including soap receptacles.

Obviously, if, in the natural and legitimate extension of its business, appellee has properly extended the use of its trade-mark to receptacles for cosmetics, appellant should have the right to extend the use of its mark from containers and receptacles for cosmetics to "fills and refills" for such containers and receptacles. See The B. F. Goodrich Co. v. Clive E. Hockmeyer et al., 40 F.(2d) 99, 17 C.C.P.A.(Patents) 1068. See, also, Elgin American Manufacturing Co. v. Elizabeth Arden, Inc., 83 F.(2d) 681, 23 C.C.P.A.(Patents) —, decided concurrently herewith.

Accordingly, we are constrained to disagree with the conclusion reached by the tribunals of the Patent Office.

For the reasons stated, the decision of the Commissioner of Patents is reversed.

Reversed.

GARRETT, Associate Judge (dissenting).

For substantially the same reasons given in my dissenting opinion in the companion case, Elgin American Manufacturing Co. v. Elizabeth Arden, Inc., 83 F.(2d) 681, 23 C.C.P.A.(Patents) —, I respectfully dissent in the instant case. As I view the marks at issue, they are not deceptively similar, and I do not regard soap and a metal receptacle for holding same as being merchandise of the same descriptive properties.

The majority opinion several times directs attention to the fact that appellee has used, or is using, its mark on refillable cartons for soaps, talcum powder, and other toilet articles. As I understand it, this fact is recited to illustrate business expansion. Since the application at issue is limited to soap, I do not think the fact so recited is of moment in determining the issue at bar. It is not inappropriate, however, to say that the record discloses that an opposition by appellant to an application by appellee to register its mark for use upon *receptacles* was sustained by the Examiner of Interferences, and, so far as shown, no appeal was taken from his decision. The decision was rendered May 26, 1934, in "Opposition No. 13,008," and is included in the record presented to the court in this case.