35 C.C.P.A.(Patents)

## VITAMIN CORPORATION OF AMERICA v. AMERICAN HOME PRODUCTS CORPORATION.

### Patent Appeal No. 5413.

Court of Customs and Patent Appeals.

Feb. 10, 1948.

Richards & Geier, of New York City, and Lee L. Townshend, of Washington, D. C., for appellant.

Thomas L. Mead, Jr., of Washington, D. C. (Louis H. Baer, of New York City, of counsel), for appellee.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

JACKSON, Associate Judge.

Appellant filed on February 24, 1943, an application for the registration, under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., of its trade-mark "VCA" extending laterally on an outline map of the United States, which is held in the hands of a naked giant. The torso and outspread arms of the giant appear above the map, and his legs show under the map, with some shading indicating the ground upon which he stands. The picture is enclosed in a circle. Appellant alleged first use of the mark in its business since June 10, 1942, as applied to vitamin preparations in several forms.

Appellee, owner of the registered mark "I.V.C.," displayed against a circular background, registration No. 387,739, dated May 27, 1941, filed its notice of opposition to appellant's application May 27, 1943, alleging likelihood of confusion in trade, under section 5 of the act. Its registered mark is applied to vitamin preparations.

The Examiner of Interferences sustained the notice of opposition, and also adjudged that applicant is not entitled to the registration for which it made application. The Commissioner of Patents in his decision, 69 U.S.P.Q. 548, affirmed that of the Examiner of Interferences, sustaining the notice of opposition, but made no reference to the holding of the examiner that appellant is not ex parte entitled to registration. From the decision of the commissioner, this appeal was taken.

It appears that appellee is the owner and prior user of the mark it relies upon and also that the goods of the parties are of the same descriptive properties. The sole question for decision, therefore, relates to the similarities of the marks.

Although the marks, as hereinabove described, have obvious differences, we think, as was held below, that, when they are considered as a whole, their similarities predominate over their dissimilarities sufficiently to result in likelihood of confusion as to origin.

It appears to us that the parts of the marks most likely to be remembered by purchasers as indicative of origin are "VCA" and "I.V.C.", and, therefore, we consider those letters to be the dominant features of the marks. Frankfort Distilleries, Inc., v. Kasko Distillers Products Corporation, 111 F.2d 481, 27 C.C.P.A., Patents, 1189.

It is true, of course, as contended by appellant, that monopoly on letters of the alphabet may be rightly secured by no one. Dollfus-Mieg et Cie Société Anonyme v. Richardson Silk Co., 55 App. D.C. 226, 4 F.2d 302. That case, however, while it states the principle with respect to monopoly in the use of letters of the alphabet, further holds that one combination of letters may not so closely approximate another combination, when used on goods of the same descriptive properties, as to be likely to cause confusion.

We are of opinion, as were the tribunals below, that the combination of letters used by appellant, in view of the practical identity of the goods to which the parties apply their marks, are so closely similar that confusion as to origin is likely. The facts in this case are quite parallel to those in the case of Crystal Corp., etc. v. Manhattan Chemical Mfg. Co., Inc., etc. 75 F.2d 506, 22 C.C.P.A., Patents, 1027. There it was held by this court that the trade-mark "T. Z. L. B." was confusingly similar to a composite mark in which the combination "Z. B. T." was the dominant part of the mark, when both marks were used on talcum powder.

Since the decision of the Examiner of Interferences, sustaining the opposition was affirmed by the commissioner, it was not necessary for the latter to pass upon the ex parte rejection of the examiner.

The decision of the commissioner is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.