HMH PUBLISHING CO., Inc.,

v.

PLAYBOY RECORDS, Inc., John Carlo and James Dawson, d.b.a. Playboy Records.

No. 57 C 2059.

United States District Court
N. D. Illinois.
April 28, 1958.

William J. Friedman, Maurice Rosenfield, Samuel W. Kipnis, Chicago, Ill., for plaintiff.

Panter, Esserman & Lehmann, Chicago, Ill., for defendants Playboy Records, Inc., and John Carlo.

JULIUS J. HOFFMAN, District Judge.

This is an action for trademark infringement and unfair competition, brought by HMH Publishing Co., Inc., against three defendants—Playboy Records, Inc., John Carlo and James Dawson. An order of default was entered against James Dawson on January 28, 1958, and the remaining two defendants have now filed a motion to strike the complaint on the ground that it is legally insufficient.

The complaint states that the plaintiff publishes a monthly magazine, with nation-wide distribution, sold under the name "Playboy," and that it also sells phonograph records in intrastate and interstate commerce under the same designation. The complaint further asserts that the plaintiff obtained a certificate of registration for the trademark "Playboy" on its magazine on December 28, 1954, as well as a like certificate for its records on October 1, 1957.

The defendant Playboy Records, Inc., is said to have been organized by the defendant John Carlo, on or about August 8, 1956, to sell phonograph records in in-

terstate commerce under the name "Playboy Records." Allegedly, the defendants' purpose in using this designation was to represent their product as sold or sponsored by the plaintiff.

The plaintiff states that its magazine, "Playboy," has had large sales, and that both its magazine and records have been extensively advertised under the trademark "Playboy." As a result, the plaintiff asserts, the purchasing public associates with the plaintiff any magazine or record bearing the mark "Playboy" and assumes that these products emanate from, are sold by, or are approved or sponsored by the plaintiff. The conduct of the defendants, it is said, will therefore cause confusion in the trade, leading the purchasing public to buy the defendants' records under the mistaken belief that they are authorized, sold or manufactured by the plaintiff. Accordingly, the defendants' conduct is said to constitute trademark infringement as well as unfair competition, causing extensive injury to the good will of the plaintiff. Both damages and injunctive relief are sought.

■■■ The defendants' motion to strike the complaint, which will be treated as a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. (see Boerstler v. American Medical Ass'n, D.C.N.D.Ill. 1954, 16 F.R.D. 437), challenges the sufficiency of the complaint to state a cause of action for either trademark infringement or unfair competition. In deciding this motion, several principles must be respected concerning the liberality with which pleadings are to be construed under the Federal Rules of Civil Procedure. Thus, the allegations of a complaint must be viewed in the light most favorable to the plaintiff, and all facts well pleaded must be accepted as true. Chicago & Northwestern Ry. Co. v. First Nat. Bank of Waukegan, 7 Cir., 1952, 200 F.2d 383. A complaint cannot be dismissed unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.

Carroll v. Morrison Hotel Corp., 7 Cir., 1945, 149 F.2d 404; United States v. American Linen Supply Co., D.C.N.D.Ill. 1956, 141 F.Supp. 105.

*Trademark Infringement*

The defendants' first contention is that the complaint fails to state a cause of action for infringement of plaintiff's trademark on phonograph records. The defendants argue that even though they do not have a registered mark, they were first to apply the designation "Playboy" to records and therefore have not infringed the plaintiff's later-acquired trademark. The plaintiff, on the other hand, contends that the complaint presents a question of fact with respect to whether plaintiff or defendants made first use of the mark on records, and that the complaint is sufficient on this point to withstand a motion to dismiss.

■■■ The plaintiff's position must be sustained. On the face of the complaint it appears that the plaintiff obtained a certificate of registration for the trademark "Playboy" on its records on October 1, 1957. By statute it is provided that such registration is prima facie evidence of one's exclusive right to a mark. 15 U.S.C.A. § 1115(a). If the defendants in fact made use of the mark on their records prior to plaintiff's first use thereof, then, as defendants contend, they have not infringed the plaintiff's trademark. It is use or appropriation of a trademark, and not merely its adoption, which gives rise to an exclusive right to the mark. See United Drug Co. v. Theodore Rectanus Co., 1918, 248 U.S. 90, 97, 39 S.Ct. 48, 63 L.Ed. 141; Columbia Mill Co. v. Alcorn, 1893, 150 U.S. 460, 463–464, 14 S.Ct. 151, 37 L.Ed. 1144; Benrose Fabrics Corp. v. Rosenstein, 7 Cir., 1950, 183 F.2d 355. However, it does not appear on the face of the complaint which party first began to use "Playboy" on phonograph records. And if the plaintiff's use was prior to that of the defendants, the plaintiff can recover for infringement of its registered mark, even though the registration was made subsequent to the time when both parties had started to use

the designation. See New England Duplicating Co. v. Mendes, 1 Cir., 1951, 190 F.2d 415. Accordingly, a question of fact is presented which cannot be determined on a motion to dismiss. The complaint charges that the defendants have infringed the plaintiff's registered trademark, and there is nothing on the face of the complaint to show that the mark is invalid. Consequently, the charge of infringement as to this mark states a claim upon which relief can be granted.

The defendants' next contention is that the complaint is legally insufficient to charge infringement of the plaintiff's trademark as used on the magazine, inasmuch as records and magazines are unrelated goods. The plaintiff has not argued this point, and it appears that the parties have given different constructions to the complaint in this respect. Paragraph 8 of the complaint charges, in general terms, that:

> "The conduct of the defendants above alleged constitutes infringement of the plaintiff's registered trademark Playboy and constitutes unfair competition with the plaintiff and an unfair and unlawful appropriation of the plaintiff's good will, good name, fame and reputation."

It is not clear from this language whether the plaintiff is alleging infringement of its registered mark on Playboy magazine, on Playboy Records, or both. Assuming the construction of the defendants to be correct, however, I find that the complaint states a claim upon which relief can be granted for infringement of the plaintiff's magazine trademark, as well as its mark on records. The defendants' contention that the complaint is insufficient in this respect because of the fact that magazines and phonograph records are "unrelated" goods must be rejected; the fact that products are unrelated is not determinative with respect to the existence of a cause of action for trademark infringement. The Trade-Mark Act of 1905 restricted such causes to situations where a colorable imitation existed "in connection with the sale of merchandise of substantially the same descriptive properties" as those set forth in the trademark registration; however, the 1946 Act changed this test, providing for a cause of action where the colorable imitation "is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods." 15 U.S.C.A. § 1114(1)(a); Philco Corporation v. F. & B. Mfg. Co., 7 Cir., 1948, 170 F.2d 958. Similarity of goods is a factor relevant to the question of likelihood of confusion, but likelihood of confusion is now the ultimate criterion. Benrose Fabrics Corp. v. Rosenstein, 7 Cir., 1950, 183 F.2d 355; Philco Corporation v. F. & B. Mfg. Co., 7 Cir., 1948, 170 F.2d 958. Under the 1946 provision it has thus been held that a magazine publisher has a remedy against a manufacturer of slippers where the required element of likelihood of confusion is present. Esquire, Inc., v. Esquire Slipper Manufacturing Co., 1 Cir., 1957, 243 F.2d 540.

The complaint at bar contains sufficient allegations to state a cause of action for infringement of plaintiff's trademark on its magazine. Paragraph 9 specifically states that the acts of the defendants

> "will lead to confusion in trade and will lead the purchasing public to buy records from the defendants or some of them in the mistaken belief that they are authorized, approved or sponsored by the plaintiff or are sold by the plaintiff or manufactured by the plaintiff."

*Unfair Competition*

The final contention of the defendants is that the complaint does not state a cause of action for unfair competition. This argument, like that concerning infringement of plaintiff's mark on its magazine, rests upon the contention that the plaintiff's magazine and the defendants' records are unrelated goods.

The plaintiff's claim as based upon the theory of unfair competition is governed by the law of Illinois. Independent Nail & Packing Co. v. Stronghold Screw Products, Inc., 7 Cir., 1953, 205 F.2d 921, certiorari denied, 1953, 346 U.S. 886, 74

S.Ct. 138, 98 L.Ed. 391. Prior to 1943 there was some doubt as to whether the law of unfair competition in Illinois was restricted to cases of "palming off" in which the goods of the parties were competitive, or whether the doctrine applied as well to unrelated classes of goods. In that year, however, the question was resolved in the case of Lady Esther, Ltd., v. Lady Esther Corset Shoppe, Inc., 1943, 317 Ill.App. 451, 46 N.E.2d 165, 148 A.L.R. 6. There it was held that a cosmetic company could enjoin use of its name by a corset shop, the court holding that competition was not necessary between the goods of the parties. The court stated that the doctrine of unfair competition affords relief to a plaintiff

> "where the defendant's conduct is likely to cause confusion of the traders so that the public believes or is likely to believe that the goods of the defendant are the goods of the plaintiff, or that the plaintiff is in some way connected with or is a sponsor of the defendant. In such situation relief will be granted although there is no competition. [Citing authorities.]" 317 Ill.App. at page 455, 46 N.E.2d at page 167.

Decisions subsequent to the Lady Esther case have consistently held that in Illinois a cause of action for unfair competition is stated where confusion in the trade, as defined in the Lady Esther case, is alleged, the courts noting that "palming off" is no longer regarded as essential to the claim. See, e. g., Independent Nail & Packing Co. v. Stronghold Screw Products, Inc., 7 Cir., 1953, 205 F.2d 921, certiorari denied, 1953, 346 U.S. 886, 74 S.Ct. 138, 98 L.Ed. 391; Continental Casualty Co. v. Beardsley, D.C.S.D.N.Y.1957, 151 F.Supp. 28; Elastic Stop Nut Corp. of America v. Greer, D.C.N.D.Ill.1945, 62 F.Supp. 363; National Nut Co. of California v. Kelling Nut Co., D.C.N.D.Ill.1945, 61 F.Supp. 76.

Moreover, by statute enacted in 1955, Illinois law now specifically provides that,

"Every person, association, or union of workingmen adopting and using a mark, trade name, label or form of advertisement may proceed by suit, and all courts having jurisdiction thereof shall grant injunctions, to enjoin subsequent use by another of the same or any similar mark, trade name, label or form of advertisement if there exists a likelihood of injury to business reputation or of dilution of the distinctive quality of the mark, trade name, label or form of advertisement of the prior user, notwithstanding the absence of competition between the parties or of confusion as to source of goods or services; except that the provisions of this section shall not deprive any party of any vested lawful rights acquired prior to the effective date of this Act." Ill.Ann.Stat. c. 140, § 22 (Supp. 1957).

The broad language of this provision, together with the holdings of the Lady Esther case and decisions subsequent thereto, makes it clear that under Illinois law a cause of action for unfair competition may be brought even though the products involved in the suit are noncompetitive and unrelated.

Paragraph 9 of the complaint alleges that the defendants' conduct will cause confusion in the trade, leading the purchasing public to think that the defendants' records are connected in some way with the plaintiff. Accordingly, the complaint is legally sufficient when tested by the requirements for an unfair competition action as outlined in the Lady Esther case.

The motion of the defendants to strike the complaint, treated as a motion to dismiss for failure to state a claim upon which relief can be granted, is *denied*. The defendants, Playboy Records, Inc., and John Carlo, are ordered to file their answer to the complaint on or before May 9, 1958.