**JOHN MORRELL & CO., Plaintiff,**

v.

**RELIABLE PACKING CO., Defendant.**

**No. 58 C 1965.**

United States District Court
N. D. Illinois, E. D.

April 6, 1959.

Byron, Hume, Groen & Clement, Chicago, Ill., Boynton P. Livingston, G. Cabell Busick, Mason, Fenwick & Lawrence, Washington, D. C., for plaintiffs.

Brezina & Buckingham, Chicago, Ill., for defendant.

SULLIVAN, District Judge.

This action to recover damages and for an injunction arises from defendant's alleged misuse of plaintiff's trade-mark. The first count of the complaint is based on the Federal Trade-Mark Act, 15 U.S.C.A. § 1051 et seq.; the second count claims unfair competition; the third count claims a violation of Chapter 140, § 22, Ill.Rev.Stat.Ann.

Defendant has moved to strike the third count on the grounds that it is inconsistent with the other two, apparently on the theory that the Illinois statute does not apply when the parties to an action are in competition. It is true that that Act applies when the parties are not in competition (HMH Publishing Co., Inc. v. Playboy Records, Inc., D.C.N.D. Ill.1958, 161 F.Supp. 540). However, there is nothing in its language restricting it to that situation. In fact, the clause authorizing an injunction includes the phrase "notwithstanding the absence of competition between the parties". This seems to indicate that the legislature feared that the Act might be applied only to competitive situations and wished to make sure that both competitive and

non-competitive facts were covered; and the Illinois Appellate Court has so applied the Act (Adams v. Kassnel, 1958, 16 Ill.App.2d 540, 148 N.E.2d 818).

The defendant's motion to strike Count III of the complaint will be denied.