**ROTO–ROOTER CORPORATION and Gerald R. Abbott d/b/a Roto Rooter Sewer Service, Plaintiffs-Appellants,**

v.

**Kenneth O'NEAL et al., Defendants-Appellees.**

No. 74–1423.

United States Court of Appeals, Fifth Circuit.

May 14, 1975.

Paul L. De Verter, II, Houston, Tex., for Roto-Rooter.

Stewart W. Forbes, El Paso, Tex., for Gerald R. Abbott.

William J. Derrick, El Paso, Tex., Ben C. Buckingham, Des Moines, Iowa, for plaintiffs-appellants.

Dean Hester, El Paso, Tex., for defendants-appellees.

Before RIVES, GODBOLD and GEE, Circuit Judges.

GODBOLD, Circuit Judge:

Plaintiff, Roto-Rooter Corporation, an Iowa corporation was granted a federal registration in 1954 for its service mark "Roto-Rooter" for municipal, industrial and domestic sewer, drain and pipe cleaning service. The mark dates back to 1935. In 1963 it was granted registration for its design form of the same mark for the services of cleaning sewer, oil and water pipes, field and drain tile, and conduits for electrical cable. In 1965 plaintiff Gerald R. Abbott, a licensee of Roto-Rooter, established a Roto-Rooter Sewer Service in El Paso, Texas, serving that city and the surrounding county and adjacent parts of New Mexico.

Defendant Rotary De-Rooting, Inc., a Nevada corporation, owns state trademarks in Nevada and California for the term "Rotary De-Rooting" in conjunction with a drawing of an angel utilizing a sewer cleaning machine and a slogan "the sewer man with a conscience." It conducts sewer service operations through its own employees or through franchises principally in cities in California and also in Nevada and Texas. Defendant George B. Hess commenced a Rotary DeRooting Sewer Service operation in El Paso in 1973 in competition with the Roto-Rooter franchise.

Promptly thereafter Roto-Rooter notified defendants it claimed infringement and commenced this action for infringement and unfair competition.

After trial the District Court denied relief to plaintiffs. It concluded that there was no evidence of any statistically significant *confusion* in relation to the value of business done by plaintiffs in the El Paso community, that the name "Rotary DeRooting Sewer Service" was not deceptively or confusingly similar to the Roto-Rooter name, and that any person exercising ordinary care could readily distinguish the trade names utilized by the parties. The court also found that Roto-Rooter was bound by laches, because it had actual knowledge beginning in 1968 that defendant Hess and his predecessors had continuously employed in the Las Vegas, Nevada, area the trade name Rotary De-Rooting Sewer Service in direct competition with a franchise of Roto-Rooter. We reverse.

Infringement of a registered mark is governed by 15 U.S.C. § 1114(1) which imposes liability against "use likely to cause confusion, or to cause mistake, or to deceive." Proof of actual confusion is not necessary—likelihood of confusion is the appropriate inquiry. Continental Motors Corp. v. Continental Aviation Corp., 375 F.2d 857 (CA5, 1967); American Foods, Inc. v. Golden Flake, Inc., 312 F.2d 619 (CA5, 1963); Frostie Company v. Dr. Pepper Company, 341 F.2d 363 (CA5, 1965). In this circuit likelihood of confusion is determined by evaluating a variety of factors including the type of trademark at issue;[1] similarity of design;[2] similarity of product;[3] identity of retail outlets and purchasers;[4] identity of advertising media utilized;[5] defendant's intent;[6] and actual confusion.[7] While proof of actual confusion is

---

1. See American Foods, supra, 312 F.2d at 624.

2. Id.

3. Sears, Roebuck & Co. v. All States Life Ins. Co., 246 F.2d 161, 166 (CA5), cert. denied, 355 U.S. 894, 78 S.Ct. 268, 2 L.Ed.2d 192 (1957).

4. American Foods, supra, 312 F.2d at 624; see also Continental Motors, supra, 375 F.2d at 861.

5. American Foods, supra, 312 F.2d at 624; see also Continental Motors, supra, 375 F.2d at 861.

6. American Foods, supra, 312 F.2d at 625.

7. American Foods, supra, 312 F.2d at 624.

not required to sustain a claim of infringement, the view of this court is that it is the best evidence of likelihood of confusion. World Carpets, Inc. v. Dick Littrell's New World Carpets, 438 F.2d 482, 489 (CA5, 1971).

The decision of the trial court must be reversed for two interrelated reasons. The court appears to have employed an incorrect legal standard, and, when examined under correct standards, plaintiffs' evidence established the likelihood of confusion required by the law of this circuit. The trial court referred to absence of evidence of statistically significant *confusion*. The test is, of course, *likelihood of confusion*.

The plaintiffs presented evidence of actual confusion—under *World Carpets* the best evidence of likelihood—by the testimony of four persons who had mistakenly employed defendants although intending to use the service of plaintiffs. The District Court considered their testimony "not statistically significant." However, as this court said in *World Carpets*, "reason tells us that . . . very little proof of actual confusion would be necessary to prove the likelihood of confusion." 438 F.2d at 489. Additionally, the court found that the four persons had "simply made an error" which "resulted from carelessness or inadvertence rather than from any confusing similarity between either the names or the advertisements of the parties." The record does not support this finding, either directly or as an inference. Cross-examination, rather than demonstrating carelessness or inadvertence, showed that the four persons had made their mistakes because of reliance upon the similarity of defendants' name to that of plaintiffs'. This is precisely the type of error that 15 U.S.C. § 1114 seeks to protect against. Also, witness Hoffman, one of the two stockholders in the defendant company, the licensor of Rotary De-Rooting franchises, testified:

Q  Can you give examples of what you are talking about [in referring to the word "rooter" as meaning a particular type of service with a particular type of machine, as opposed to a particular company]?

A  Well, occasionally when you go on a job people say—you will knock at the door and they say "Oh, are you the Roto-Rooter man?" and we say "We are Rotary De-Rooting." and they say "Well, that is the same thing.".

■ In March 1968 plaintiff Roto-Rooter Corporation sent an infringement letter to a business in Las Vegas, Nevada, operated by the predecessor of Rotary De-Rooting, Inc., and under the Rotary De-Rooting Sewer Service name. Roto-Rooter then had a franchise in Las Vegas, and it claimed that the Rotary De-Rooting Sewer Service name infringed the Roto-Rooter name. However, no litigation was instituted by Roto-Rooter or its Las Vegas franchise against Rotary De-Rooting, although Roto-Rooter did sue others in the Las Vegas area claiming infringement. In 1970 defendant George Hess worked for the Las Vegas franchise of Rotary De-Rooting Sewer Service. In 1971 he purchased that franchise. In January 1973, after acquiring from Rotary De-Rooting, Inc., the right to use the Rotary De-Rooting Sewer Service name in the El Paso area, Hess began operations in El Paso. Within a month Roto-Rooter notified him of alleged infringement, and suit was filed in April 1973. Thus the impact of the failure of Roto-Rooter to police its rights by litigation in the Las Vegas area must be traced from Rotary De-Rooting, Inc.'s, predecessor, to Rotary De-Rooting, Inc., thence to Hess in Las Vegas, and finally to Hess in El Paso, where another Roto-Rooter franchise was operating. Bearing in mind these circumstances and the fact that March 1968 to February 1973 is slightly less than five years, we think that the equitable defense of laches was not properly invoked in this case.

■ The District Court found that plaintiffs had failed to prove secondary meaning. But proof was unnecessary with respect to the registered marks.

Curtis-Stephens-Embry Co. v. Pro-Tek-Toe Skate Stop Co., 199 F.2d 407 (CA8, 1952); Vandenburgh, Trademark Law and Procedure, 2d Ed., 1968, § 2.20 at 59.

Reversed and remanded.