# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

————————————

No. 01-60820

(Summary Calendar)

————————————

CITIZENS NATIONAL BANK OF MERIDIAN,

Plaintiff - Counter Defendant - Appellant,

versus

CITIZENS BANK OF PHILADELPHIA MISSISSIPPI,

Defendant - Counter Claimant - Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi
No. 4:00-CV-144-LN

April 19, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Citizens National Bank of Meridian ("National") appeals the district court's grant of summary

judgment in favor of Citizens Bank of Philadelphia ("Philadelphia"). National brought suit against

————————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Philadelphia, alleging that Philadelphia had committed acts of trademark infringement, unfair competition, and dilution under 15 U.S.C. § 1125, arising out of Philadelphia's intended opening of a full service branch bank in Meridian, Mississippi. On appeal, we must decide whether the district court correctly concluded that there was no genuine issue of material fact as to the likelihood of confusion created by both parties' use of the word "Citizens" in Meridian.

National has been operating in the state of Mississippi since 1888, beginning as a single bank in Meridian, Lauderdale County, Mississippi. Since that time, National has expanded to include thirteen branches in Lauderdale County, and numerous branches in other parts of eastern Mississippi. National presently competes directly with Philadelphia in three Mississippi cities, Philadelphia, Carthage, and Kosciusko.

Philadelphia has been in the banking business in eastern Mississippi since 1912, originating in Philadelphia, Mississippi. Philadelphia now has twelve branches in the surrounding counties. Currently, Philadelphia's only facility in Lauderdale County is its loan production office in Meridian, which has been in operation since 1995. However, Philadelphia regularly advertises and has existing customers residing in Lauderdale County.

In May of 2000, National learned that Philadelphia intended to open a full-service branch in Meridian. The Commissioner of the Mississippi Department of Banking and Consumer Finance approved Philadelphia's request over National's objection, and the Mississippi State Board of Banking Review affirmed this determination after a hearing in which both parties presented testimony. After receiving notice of such approval, National filed suit against Philadelphia, based on its status as senior user of the service mark, seeking to enjoin Philadelphia from using the phrase "Citizens Bank," or "Citizens Bank of Philadelphia," in connection with banking products and financial services

in Meridian or other areas of Mississippi in which National operates.

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. *See Lyons P'ship v. Giannoulas*, 179 F.3d 384, 387 (5th Cir. 1999).[1] Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

The Lanham Act prohibits use of a mark "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to origin, sponsorship, or approval of his or her goods, services, or commercial activities. 15 U.S.C. § 1125(a)(1)(A) (West 1997). "[T]he gravamen for any action of trademark infringement or common law unfair competition is whether the challenged mark is likely to cause confusion." *Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 844 (5th Cir. 1990) (internal citations omitted). We evaluate the likelihood of confusion using several factors, including: (1) type of trademark; (2) similarity of product; (3) similarity of design; (4) identity of service facilities and customers; (5) similarity of advertising media used; (6) defendant's intent; and (7) evidence of actual confusion. *Roto-Rooter Corp. v. O'Neal*, 513 F.2d 44, 45 (5th Cir. 1975).

The district court applied these factors and concluded that although the two banks would offer

---

[1]Philadelphia argues that the correct standard of review is clear error because the district court conducted a bench, rather than a jury, trial. Dicta from previous decisions of this court suggest that a lesser standard could be applied to review a grant of summary judgment in a non-jury proceeding. *See United States Fid. & Guar. Co. v. Planters Bank & Trust Co.*, 77 F.3d 863, 865-66 & n.1 (5th Cir. 1996) (citing *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 273 n.15 (5th Cir. 1987)) (discussing whether more lenient standard of review should apply on summary judgment following bench trials). Because we affirm the district court's decision after a de novo review, we need not reach this issue.

similar services to Meridian customers through the same type of banking facilities, and also advertise

through similar mediums, the inherently weak nature of National's service mark, combined with

insufficient evidence of actual confusion, prohibited any finding of likelihood of confusion. On

appeal, National argues that the district court erred in determining that there was no question of

material fact, and that the court improperly weighed the evidence of actual confusion. We disagree,

as the evidence presented by National fails to create a question of material fact as to whether

customers in Meridian will be confused by the opening of Philadelphia's branch.[2]

First, we agree with the district court's conclusion that National's mark is very weak and

deserves little protection regardless of its classification.[3] The word "Citizens" is widely used in

Mississippi, particularly in the financial services industry. There are 168 registered businesses using

---

[2]Philadelphia has raised two additional arguments. First, Philadelphia argues that the determination of the Mississippi State Board of Banking Review should collaterally estop National's claims. Philadelphia also brings a laches argument, claiming that National has waived its infringement claim by failing to pursue it earlier (for example, when Philadelphia opened its loan production office in 1995). Because we find that National has failed to establish its trademark claim on the merits, we need not reach either issue.

[3]In determining the type of trademark, courts analyze a mark's distinctiveness. Service marks fall into four categories. *Sun Banks of Fla., Inc. v. Sun Fed. Sav. & Loan Ass'n*, 651 F.2d 311, 315 (5th Cir. 1981). A strong mark is fictitious, arbitrary or fanciful, and is usually inherently distinctive. *Id.* A descriptive mark conveys something about the product and is protected only when secondary meaning is shown. *Id.* A suggestive mark "subtly connotes something about the service or product," and is protected without proof of a secondary meaning. *Id.* Finally, generic terms which "communicate information about the nature or class of an article or service," are never protected. *Id.* (citations omitted). Other courts have found the use of "citizens," in connection with a bank, to be suggestive, resulting in a moderate amount of protection. *Citizens Fin. Group, Inc. v. Citizens Nat'l Bank of Evans City*, No. 01-1524 (W.D. Pa. filed Sept. 25, 2001) (order denying preliminary injunction), *aff'd*, No. 01-3776, 2002 WL 262682 (3d Cir. 2002) (unpublished). The district court's analysis of type of service mark never clarifies what type of mark "Citizens" actually is. Instead, the court states that the widespread use of the term "citizens" makes the mark inherently weak. *Citizens Nat'l Bank of Meridian v. Citizens Bank of Philadelphia*, 157 F. Supp. 2d 713, 717 (S.D. Miss. 2001).

"Citizens" in their names in the state, including seven banking institutions. Nationwide, there are 372 FDIC-registered institutions with "Citizens" in their title. Extensive use of a word, particularly in a similar industry, reduces the likelihood of confusion among consumers and drastically weakens a mark. *Sun Banks*, 651 F.2d at 316; *Armco, Inc. v. Armco Burglar Alarm Co., Inc.*, 693 F.2d 1155, 1159-60 (5th Cir. 1982) (stating that absence of third-party use contributes to strength of mark); *see also First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 101 F.3d 645, 654 (10th Cir. 1996) (deciding that because "First" is used so extensively in the financial services industry, mark deserves only weak protection).

To combat the weakness of its mark, National relies on evidence of actual instances of past confusion. The district court discounted this evidence of actual confusion, contained primarily in National's 'confusion log,' which details examples of customer confusion between the two banks, because "few of these instances relate to potential customer[s] concerning the transaction of business." *Citizens National*, 157 F. Supp. 2d at 721 (citing *Sun Banks*, 651 F.2d at 318). We agree with the district court's analysis. The relevant inquiry is whether use of the mark produces confusion in potential customers. *See Roto-Rooter*, 513 F.2d at 46 (considering testimony of persons who had mistakenly employed defendants although intending to use plaintiffs); *Lang v. Ret. Living Publ'g Co., Inc.*, 949 F.2d 576, 583 (2d Cir. 1991) (rejecting evidence of confusion unrelated to selling of goods and services in question); *First Keystone Fed. Sav. Bank v. First Keystone Mortgage, Inc.*, 923 F. Supp. 693, 705 (E.D. Pa. 1996) ("Generalized confusion is not what courts look to, but rather, evidence of confusion in mistaken purchasing decisions.") (citations omitted).

The two hundred examples listed in National's confusion log are not those of potential customers seeking to differentiate between the two banks, but rather mistakes made by existing or

non-customers. For example, the majority of instances catalogued by National are customers attempting to cash checks drawn on Philadelphia, and misdirected mail and phone calls. National has also submitted the results of a phone survey. This survey asks who Lauderdale county citizens would associate with banking services when the name "Citizens" is mentioned. National relies on the following survey question to support its argument: "If you saw a sign on a vacant lot that said 'Future Home of Citizens Bank,' would you tend to think a new banking company was going to build there or that Citizens National Bank was building a new branch?" Although nearly seventy-five percent of participants responded that they thought this would refer to a new branch of National, we do not believe such evidence effectively establishes actual confusion. As stated by the district court:

> the fact that customers of [National] have not had to differentiate between [National] and [Philadelphia] because [National] was for many years effectively the only bank in town using the name "Citizens" does not mean that customers cannot do so or that they are not likely to do so, and [National's] survey evidence does not suggest otherwise.

*Citizens National*, 157 F. Supp. 2d at 721.

In addition, other factors weigh against a finding of likelihood of confusion. *See Sun Banks*, 651 F.2d at 319 (stating that countervailing circumstances, such as a weak mark and distinguishable logos, lessen any impact of actual confusion). Philadelphia has operated a loan production office in Meridian for over five years, and has many existing customers from Lauderdale County. Also, the parties already operate in direct competition in at least three other Mississippi cities, including in Philadelphia's home market of Philadelphia. National opened its branch bank in Philadelphia over ten years ago without apparent regard for the resulting confusion, a decision which undermines National's present claims. Finally, although both parties advertise in Lauderdale county, their logos

are readily distinguishable. *See Sun Banks*, 651 F.2d at 317-18 (stating readily distinguishable logos weigh against a finding of likelihood of confusion).

For the foregoing reasons, we AFFIRM the decision of the district court granting summary judgment in favor of Philadelphia.